**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Debtor: LENNIE TIMOTHY ALLEN                    CASE NO.:23-20500-MAM
AKA: LENNIE ALLEN                                        CHAPTER 13

## OBJECTION TO CONFIRMATION OF 1st & 2nd AMENDED CHAPTER 13 PLAN

$DE\ 24$
$\text{\c{e}}$
$41$

Former spouse/Creditor, Leslie J. Volpe, objects to confirmation of 1ST AND 2nd Amended Chapter 13 Plans and states:

I, Leslie J. Volpe, hereby submit this objection to the confirmation of Bankruptcy Plan proposed in the above referenced bankruptcy case. Our 7-year-old daughter and I are affected by this plan and I assert the following objections:

1. The MSA in our divorce serves as a form of support for the former spouse and minor child to rebuild post-divorce.
2. Debtor agreed to the MSA only a little over a year before filing Chapter 13 (October 2022)
3. Debtor owes **$60,000** of support from the MSA
4. Debtor, unethically sent Magistrate a letter, Ex-Parte communication at the Motion for Contempt and/or Enforcement hearing on October 4, 2023, stating

    " Is is my intent to make good on my promise to honor my commitment to my daughter as well as my former wife", A stark contrast to the current bankruptcy plan.

5. There was over $210,000 in the bank account as of October 2021 at the time of  divorce filing.

6. Debtor intentionally liquidated $122,492 of funds within 8 months, by exhausting the marital account instead of continuing/seeking employment, far exceeding the lifestyle during the marriage. See filed Motion to Freeze and bank statements.

7. Debtor, is also an attorney in good standing and could have easily retained employment, therefore filed Chapter 13 to avoid his family obligations of paying the MSA.

8. Debtor provided lack of full disclosure to bankruptcy court, by not listing the Marital Settlement Agreement (MSA) as a debt and is misleading the court saying he is current on child support obligations.
9. As of date, Debtor still owes **$1,379.86** on past due ( from last hearing,  October 2023- February 2024 ) in monthly child reimbursements/child support which are to be paid within 15 days of receipt by Debtor. He is provided receipts for reimbursement monthly.

10. Debtor has and is currently working as a Business Consultant with over 25 years of experience. He earned over $1,000/day during the marriage up until the filing of divorce (electively), and is currently earning the same therefore, exhibiting the ability to easily fulfill the MSA.

The proposed Bankruptcy plan fails to consider several relevant factors as follows:

A. The Debtor caused over 40K in unnecessary legal fees, exhausting former spouse's funds.
B. Former Spouse had to cancel her life insurance policy to create a small emergency fund due to Debtor's refusal to pay.
C. Former Spouse had to relocate to her childhood home to raise the minor child, in a lower Socio Economic Status community, complete contrast from what the child was accustomed to during the marriage, the MSA was intended as support to allow the child a comparable living.
D. Debtor scurried to pay past due child support values at the last bankruptcy court hearing, but a balance remains
E. Current plan shows Debtor's counsel being paid $5800 at $1,071.60 for month's 1-5, close in number to Debtor's monthly MSA payment of $1,000/month. If Debtor's budget allows such a monthly payment to his attorney, he surely can pay the same amount for the MSA.

In our case, the MSA was created as support for the former wife and child.

Our MSA's purpose is to lessen the financial burden caused by the divorce, and to support the mother and child in regaining footing.

For the reasons stated above, I respectfully request that the court denies confirmation of the proposed Amended Bankruptcy Plan and for the MSA to be non-dischargeable along with any further relief the Court deems appropriate.

Thank you for your attention to this matter.

Sincerely,

Leslie J. Volpe    3/18/24
1211 Rutland Street
Opa Locka, FL 33054
786-237-9890
Ljdennis00@yahoo.com
Pro se

[Enclosures: MSA;bank statements;monthly reimbursements;debtor's income;Motion To Freeze; Debtor's CV/Resume]

Emailed copy provided to

Edward N. Port
Debtor's Counsel
eport@portlawfirm.com


Matthew T. Girardi
Senior Staff Attorney, Robin Weiner
Standing Chapter 13 Trustee
matt@ch13weiner.com

Support due
to
Former Spouse

KATHRYN M. BEAMER, P.A.
11811 U.S. Highway One, Suite 102
North Palm Beach, FL 33408
Email: kathrynbeamerpa@gmail.com
Phone: 561-686-0803
Facsimile: 561-686-7397

Board Certified in
Marital and Family Law

May 24, 2022

Leslie Allen
6929 College Court
Davie, FL 33317
*Via Email: Ljdennis00@yahoo.com*

   **Re:**  *The Marriage of Allen*

Dear Leslie:

It is time to really examine you property rights in your dissolution of marriage proceeding.

Your Husband's home was purchased prior to the marriage and is in his name alone. That does not preclude you from an equitable interest in the property. F.S. 61.075 (6)1 gives us the formula the court uses to determine the marital interest in the property. First is the reduction in the principal balance of the mortgage from date of marriage ($239,291) to date of filing ($174,239) which totals $65,052. The second part is the passive increase in the value of the home under a certain formula. We need to know the value of the home on date of marriage and the value now to determine your entitlement. The numerator in the formula is the $65,052, the denominator is the value of the home at the date of marriage and this is multiplied by the increase in the value of the home during the marriage. We obviously need to get the home appraised to accurately determine your entitlement. As an example, if the home was worth $300,000 on the date of marriage and $575,000 now, the passive increase in value would be $275,000. The formula is $65,052 divided by $300,000 times $275,000 or $59,631. So the marital portion would be $65,052 plus $59,631. You would be entitled to one half or $62,341.50  So our task is to determine the value of the home on date of marriage and the current value to get you an accurate calculation.

Second, you have a 50% interest in the Robinhood fund which was purchased during the marriage along with 50% of the contents of all marital bank accounts regardless of the title on the account.

Third, you have a 50% interest in the value of Summit Consulting which was valued at $210,492 on the date of filing of the petition for dissolution.

*Leslie Allen*
*May 24, 2022*
*Page Two*

With your permission, I will employ a property appraiser. I appreciate your limited resources but we need to do this to solidify your entitlement to passive appreciation. Please advise. Thank you.

Very truly yours,

KATHRYN M. BEAMER

/km

W:\ALLEN, LESLIE\LETTERS\Ltr to client 5-24-22.wpd

Motion to
Freeze

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT OF FLORIDA, IN AND
FOR PALM BEACH COUNTY.
FAMILY LAW DIVISION

CASE NO. **50 2021 DR 8129 FI**

IN RE: THE MARRIAGE OF

LENNIE TIMOTHY ALLEN,
          Petitioner/Husband,
and
LESLIE ALLEN,
          Respondent/Wife.

_____/

## RESPONDENT/WIFE'S MOTION TO FREEZE

COMES NOW the Respondent/Wife, LESLIE ALLEN, by and through undersigned counsel

and moves this Honorable Court to freeze certain assets of the Petitioner/Husband and, as grounds

therefore, would show as follows:

1.    The parties have been married since May 9, 2016.

2.    The Petitioner filed his Petition for Dissolution of Marriage on September 29, 2021.

3.    At the time of filing the Petition for Dissolution, the Husband was holding $210,492 in his

       business account at TD Bank in the name of Summit Consulting Solutions, LLC (account

       number ending *9573).

4.    The Husband testified at the temporary relief hearing on June 28, 2022 that as of that date,

       the TD Bank account had a balance of $88,000. The Husband has removed approximately

       $122,492 in just 8 months, far exceeding their lifestyle.

5.    Throughout this litigation, the Husband is using the account to pay his personal expenses

       while not working to earn a living. As stated in Court, he has only worked three days in

       2022.

*In Re: The Marriage of Allen*
*Case No: 2021 DR 8129 FI*
*Wife's Motion to Freeze*

6.     The Wife is deeply concerned that the Petitioner has or will deplete this marital asset and that

       there will be little left to provide her with equitable distribution or support and requests the

       TD Bank account be frozen in an effort to protect the assets.

       WHEREFORE, the Respondent/Wife, LESLIE ALLEN prays this Court enter an injunction

freezing the Petitioner's TD Bank account (*9573) to prevent the removal of marital assets and such

other and further relief as the Court deems just and proper.

       I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

Eservice to: service@glassmanlaw.net Scott Glassman, Esq., 101 Northpoint Parkway, West Palm

Beach, FL 33407 this 31st day of August, 2022.

                                        KATHRYN M. BEAMER, P.A.
                                        Attorney for the Respondent/Wife
                                        11811 U.S. Highway One, Suite #102
                                        North Palm Beach, FL 33408
                                        Eservice: kathrynbeamerpa@gmail.com
                                        Telephone: (561) 686-0803

                                        By: */s/ Kathryn M. Beamer*
                                            KATHRYN M. BEAMER
                                            Florida Bar No.: 275026

W:\ALLEN, LESLIE\PLEADINGS\W'S MOTION TO FREEZE 8-31-22.wpd

Bank Account

at Divorce Filing

And

Out of country
deposits



**America's Most Convenient Bank®**

E   STATEMENT OF ACCOUNT

SUMMIT CONSULTING SOLUTIONS LLC
14578 ORANGE BLVD
LOXAHATCHEE FL  33470

| | |
|---|---|
| Page: | 1 of 5 |
| Statement Period: | Oct 01 2021-Oct 31 2021 |
| Cust Ref #: | 4356879573-713-E-*** |
| Primary Account #: | |

## TD Business Simple Checking

SUMMIT CONSULTING SOLUTIONS LLC

Account #   9573

### ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| Beginning Balance | 210,492.61 | Average Collected Balance | 190,365.27 |
| Electronic Deposits | 6,400.99 | Interest Earned This Period | 0.00 |
| | | Interest Paid Year-to-Date | 0.00 |
| Checks Paid | 4,100.00 | Annual Percentage Yield Earned | 0.00% |
| Electronic Payments | 33,111.49 | Days in Period | 31 |
| Other Withdrawals | 6,008.00 | | |
| Service Charges | 10.00 | | |
| Ending Balance | 173,664.11 | | |

### DAILY ACCOUNT ACTIVITY

**Electronic Deposits**

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 10/12 | DEBIT CARD CREDIT, AUT 101121 VISA DDA REF<br>WORLDREMIT          DENVER      * CO<br>4085404021482983 | 400.99 |
| 10/18 | eTransfer Credit, Online Xfer<br>Transfer from CK 4378148104 | 6,000.00 |
| | Subtotal: | 6,400.99 |

**Checks Paid**   No. Checks: 2   *Indicates break in serial sequence or check processed electronically and listed under Electronic Payments

| DATE | SERIAL NO. | AMOUNT |
|---|---|---|
| 10/14 | 296 | 1,150.00 |
| 10/13 | 297 | 2,950.00 |
| | Subtotal: | 4,100.00 |

**Electronic Payments**   *removing funds to Ghana*

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 10/01 | DEBIT CARD PURCHASE, AUT 093021 VISA DDA PUR<br>WORLDREMIT          888 772 7771  * CO<br>4085404021482983 | 400.99 |
| 10/01 | DEBIT CARD PURCHASE, AUT 093021 VISA DDA PUR<br>WORLDREMIT          888 772 7771  * CO<br>4085404021482983 | 400.99 |
| 10/01 | DEBIT CARD PURCHASE, AUT 093021 VISA DDA PUR<br>WORLDREMIT          888 772 7771  * CO<br>4085404021482983 | 400.99 |
| 10/01 | DEBIT CARD PURCHASE, AUT 093021 VISA DDA PUR<br>WORLDREMIT          888 772 7771  * CO<br>4085404021482983 | 400.99 |

**Call 1-800-937-2000 for 24-hour Bank-by-Phone services or connect to www.tdbank.com**

Bank Deposits FDIC Insured | TD Bank, N.A. | Equal Housing Lender

Invoices
billed to
employer
Supporting deposits
into account
from work



Summit Consulting Solution LLC
Lennie T. Allen

14178 Orange Boulevard
Loxahatchee, FL 33470
Phone: 561 352 5540
E-Mail: alennie@bellsouth.net

# Invoice

Bill To:

The Powers Company
119 Main Street, NW
Gainesville, GA 30501

Invoice No.: 060

Summit Consulting Solutions
LLC

Lennie Allen

| Date |
|------|
| 01/23/2021 |

| Quantity | Description | Billing Rate | Total |
|----------|-------------|--------------|-------|
| 1 week:<br>01/18<br>01/19<br>01/20<br>01/21<br>01/22 | Business Consulting Services<br>Jan. 18, 2021 to Jan. 22, 2021<br><br>Project Number:2016 | 5 Days x $1000.00 | $5000 |

|  |  |
|--|--|
| Subtotal: | $5000.00 |
| Tax: |  |
| Balance Due: | $5000.00 |



Summit Consulting Solution LLC
Lennie T. Allen

14575 Orange Boulevard
Loxahatchee, FL 33470
Phone: 561 333 5540
E Mail: alennie@bellsouth.net

# Invoice

**Bill To:**

The Powers Company
119 Main Street, NW
Gainesville, GA 30501

Invoice No.: 061

Summit Consulting Solutions LLC

Lennie Allen

| Date |
| --- |
| 01/30/2021 |

| Quantity | Description | Billing Rate | Total |
| --- | --- | --- | --- |
| 1 week:<br>01/25<br>01/26<br>01/27<br>01/28<br>01/29<br>01/30 | Business Consulting Services<br>Jan. 18, 2021 to Jan. 22, 2021<br><br>Project Number:2016 | 6 Days x $1000.00 | $6000 |

| | |
| --- | --- |
| Subtotal: | $6000.00 |
| Tax: | |
| Balance Due: | $6000.00 |



Summit Consulting Solution LLC
Lennie T. Allen

14075 Orange Boulevard
Loxahatchee, FL 33470
Phone: 561 352 5540
E-Mail: lennie@bellsouth.net

# Invoice

**Bill To:**

The Powers Company
119 Main Street, NW
Gainesville, GA 30501

Invoice No.: 062

Summit Consulting Solutions
LLC

Lennie Allen

| Date |
|---|
| 02/06/2021 |

| Quantity | Description | Billing Rate | Total |
|---|---|---|---|
| 1 week: | Business Consulting Services | 4 Days x | $4000 |
| 01/31 | | $1000.00 | |
| 02/01 | Jan. 31, 2021 to | | |
| 02/02 | Feb. 03, 2021 | | |
| 02/03 | | | |
| | Project Number:2016 | | |

| | |
|---|---|
| Subtotal: | $4000.00 |
| Tax: | |
| Balance Due: | $4000.00 |



**Summit Consulting Solution LLC**
Lennie T. Allen

14578 Orange Boulevard
Loxahatchee, FL 33470
Phone: 561 352 5540
E-Mail: alennie@bellsouth.net

# Invoice

Bill To:

The Powers Company
**119 Main Street, NW**
Gainesville, GA 30501

Invoice No.: 064

Summit Consulting Solutions LLC

Lennie Allen

| Date |
|------|
| 02/19/2021 |

| Quantity | Description | Billing Rate | Total |
|----------|-------------|--------------|-------|
| 1 week:<br>02/15<br>02/16<br>02/17<br>02/18<br>02/19 | Business Consulting Services  Feb. 15, 2021 to Feb. 19, 2021<br><br>Project Number:2016 | 5 Days x $1000.00 | $5000 |

| | |
|---|---|
| Subtotal: | $5000.00 |
| Tax: | |
| Balance Due: | $5000.00 |



Summit Consulting Solution LLC
Lennie T. Allen

14576 Orange Boulevard
Loxahatchee, FL 33470
Phone: 561 352 5540
E-Mail: allennie@bellsouth.net

# Invoice

**Bill To:**

The Powers Company
119 Main Street, NW
Gainesville, GA 30501

Invoice No.: 065

Summit Consulting Solutions LLC

Lennie Allen

| Date |
|---|
| 02/27/2021 |

| Quantity | Description | Billing Rate | Total |
|---|---|---|---|
| 1 week: 02/22 02/23 02/24 02/25 02/26 02/27 | Business Consulting Services Feb. 22, 2021 to Feb. 27, 2021 Project Number:2016 | 6 Days x $1000.00 | $6000 |

| | |
|---|---|
| Subtotal: | $6000.00 |
| Tax: | |
| Balance Due: | $6000.00 |



Summit Consulting Solution LLC
Lennie T. Allen

14578 Orange Boulevard
Loxahatchee  FL  33470
Phone: 561 332 5543
E Mail  alennie@bellsouth.net

# Invoice

**Bill To:**

The Powers Company
119 Main Street, NW
Gainesville, GA 30501

Invoice No.: 066

Summit Consulting Solutions LLC

Lennie Allen

| Date |
|------|
| 03/06/2021 |

| Quantity | Description | Billing Rate | Total |
|----------|-------------|--------------|-------|
| 1 week: | Business Consulting Services Feb. 28, 2021 to Mar. 03, 2021 | 4 Days x $1000.00 | $4000 |
| 02/28 | | | |
| 03/01 | | | |
| 03/02 | Project Number:2016 | | |
| 03/03 | | | |

| | |
|------|--------|
| Subtotal: | $4000.00 |
| Tax: | |
| Balance Due: | $4000.00 |



Summit Consulting Solution LLC
Lennie T. Allen

14578 Orange Boulevard
Loxahatchee, FL 33470
Phone: 561 352 5540
E-Mail: alennie@bellsouth.net

# Invoice

**Bill To:**

The Powers Company
119 Main Street, NW
Gainesville, GA 30501

Invoice No.: 067

Summit Consulting Solutions LLC

Lennie Allen

| Date |
|------|
| 03/13/2021 |

| Quantity | Description | Billing Rate | Total |
|----------|-------------|--------------|-------|
| 1 week: | Business Consulting Services Mar. 08, 2021 to Mar. 12, 2021 | 5 Days x $1000.00 | $5000 |
| 03/08 | | | |
| 03/09 | Project Number: 2016 | | |
| 03/10 | | | |
| 03/11 | | | |
| 03/12 | | | |

|  |  |
|--|--|
| Subtotal: | $5000.00 |
| Tax: | |
| Balance Due: | $5000.00 |



Summit Consulting Solution LLC
Lennie T. Allen

14578 Orange Boulevard
Loxahatchee, FL 33470
Phone: 561 352 5540
E-Mail: a.lennie@bellsouth.net

# Invoice

**Bill To:**

The Powers Company
119 Main Street, NW
Gainesville, GA 30501

Invoice No.: 068

Summit Consulting Solutions LLC

Lennie Allen

| Date |
| --- |
| 03/20/2021 |

| Quantity | Description | Billing Rate | Total |
| --- | --- | --- | --- |
| 1 week:<br>03/15<br>03/16<br>03/17<br>03/18<br>03/19 | Business Consulting Services  Mar. 15, 2021 to Mar. 19, 2021<br><br>Project Number:2016 | 5 Days x $1000.00 | $5000 |

| | |
| --- | --- |
| Subtotal: | $5000.00 |
| Tax: | |
| Balance Due: | $5000.00 |



Summit Consulting Solution LLC
Lennie T. Allen

14576 Orange Boulevard
Loxahatchee, FL 33470
Phone: 561 352 6540
E Mail: alennie@bellsouth.net

# invoice

**Bill To:**

The Powers Company
119 Main Street, NW
Gainesville, GA 30501

Invoice No.:200

Summit Consulting Solutions LLC

Lennie Allen

| Date |
| --- |
| 05/01/2021 |

| Quantity | Description | Billing Rate | Total |
| --- | --- | --- | --- |
| 1 week:<br>04/25<br>04/26<br>04/27<br>04/28<br>04/29 | Business Consulting Services<br>Apr. 25, 2021 to Apr. 29, 2021<br><br>Project Number: 2109 | 5 Days x $1000.00 | $5000 |

| | |
| --- | --- |
| Subtotal: | $5000.00 |
| Tax: | |
| Balance Due: | $5000.00 |



Summit Consulting Solution LLC
Lennie T. Allen

14578 Orange Boulevard
Loxahatchee, FL 33470
Phone: 561 352 5540
E-Mail: alennie@bellsouth.net

# invoice

Bill To:

The Powers Company
119 Main Street, NW
Gainesville, GA 30501

Invoice No.:212

Summit Consulting Solutions
LLC

Lennie Allen

| Date |
|------|
| 07/30/2021 |

| Quantity | Description | Billing Rate | Total |
|----------|-------------|--------------|-------|
| 1 week: 07/26 07/27 07/28 07/29 07/30 | Business Consulting Services | 5 Days x $1000.00 | $5000 |
|  | July. 26, 2021 to July. 30, 2021 |  |  |
|  | Project Number: 2116 |  |  |

| | |
|-------------|-----------|
| Subtotal: | $5000.00 |
| Tax: | |
| Balance Due: | $5000.00 |



# Summit Consulting Solution LLC
## Lennie T. Allen

14578 Orange Boulevard
Loxahatchee, FL 33470
Phone: 561 352 6540
E-Mail: apen1001@bellsouth.net

# invoice

**Bill To:**

The Powers Company
**119 Main Street, NW**
**Gainesville, GA 30501**

Invoice No.:215

Summit Consulting Solutions
LLC

Lennie Allen

| Date |
| --- |
| 08/21/2021 |

| Quantity | Description | Billing Rate | Total |
| --- | --- | --- | --- |
| 1 week:<br>08/16<br>08/17<br>08/18<br>08/19<br>08/20 | Business Consulting<br>Services<br>Aug. 16, 2021 to Aug. 20,<br>2021<br><br>Project Number: 2116 | 5 Days x<br>$1000.00 | $5000 |

|  | Subtotal: | $5000.00 |
| --- | --- | --- |
|  | Tax: |  |
|  | Balance Due: | $5000.00 |



Summit Consulting Solution LLC
Lennie T. Allen

14578 Orange Blvd. Avenue
Loxahatchee, FL 33470
Phone: 561 251 6540
E Mail: allennie77@dc.rr.com

# invoice

Bill To:

The Powers Company
**119 Main Street, NW**
**Gainesville, GA 30501**

Invoice No.:218

Summit Consulting Solutions
LLC

Lennie Allen

| Date |
| --- |
| 09/18/2021 |

| Quantity | Description | Billing Rate | Total |
| --- | --- | --- | --- |
| 1 week:<br>09/13<br>09/14<br>09/15<br>09/16<br>09/17 | Business Consulting Services<br>Sept. 13, 2021 to Sept. 17, 2021<br><br>Project Number: 2116 | 5 Days x $1000.00 | $5000 |

| | |
| --- | --- |
| Subtotal: | $5000.00 |
| Tax: | |
| Balance Due: | $5000.00 |



Summit Consulting Solution LLC
Lennie T. Allen

14578 Orange Boulevard
Loxahatchee, FL 33470
Phone: 561 360 5540
E-Mail: allennie@bellsouth.net

# invoice

Bill To:

Invoice No.:230

Summit Consulting Solutions LLC

The Powers Company
119 Main Street, NW
Gainesville, GA 30501

Lennie Allen

| Date |
| --- |
| 11/13/2021 |

| Quantity | Description | Billing Rate | Total |
| --- | --- | --- | --- |
| 1 week:<br>11/8<br>11/9<br>11/10<br>11/11<br>11/12<br>11/13 | Business Consulting Services<br>Nov.08, 2021 to Nov. 13, 2021<br><br>Project Number: 2132 | 6 Days x $1000.00 | $6000 |

| | |
| --- | --- |
| Subtotal: | $6000.00 |
| Tax: | |
| Balance Due: | $6000.00 |



C. V.

# Lennie Allen – Management Consultant












## QUALIFICATIONS & HIGHLIGHTS

Lennie Allen is a highly effective results driven management consulting professional with over 20 years of substantive industry experience. A proven ability to operationalize strategic client objectives by collaborating directly with C-Suite executives in the process of defining problem areas and implementing solutions specifically tailored to clients' needs. Producing sustainable step-change value reflecting financial, operational, administrative, sales and logistical performance improvements in an array of industries including banking, manufacturing, food processing, packaging, sales, insurance, communications, and natural resources. Successfully lead engagements in multicultural environments and locations including Europe, South Africa, South America, Botswana, and the Caribbean. Established record of developing long lasting client relationships and known for client-centric focus while maintaining steadfast adherence to the highest levels of professionalism.

## REPRESENTATIVE EXPERIENCE

- Barclays (ABSA): Organizational alignment, productivity, and client onboarding process improvement
- BASF: Revenue Enhancement
- Rogers Communications: Productivity and process re-engineering
- Triumph Group: Productivity and cost reduction
- General Dynamics: Service delivery optimization and process improvement
- Convatec: Productivity, revenue enhancement , sales force training & coaching
- Chevron: Throughput, maintenance & reliability
- Metlife: Productivity & process re-engineering
- Foster Farms: Throughput and yield
- Butterball: throughput
- Oatka: throughput, and productivity
- Federal Reserve Bank: Process re-engineering
- Bridgestone: Organizational alignment  and  productivity
- Tampa Maid: Throughput and productivity
- Debswana (DeBeers): Executive and supervisor performance coaching  and development

## EDUCATION/CERTIFICATION

Juris Doctorate, Marshall-Wythe School of Law, The College of William & Mary, Williamsburg Va.
Institute of International and Comparative Law, University of San Diego Law, Paris, France
B.S., Economics and Business Administration , Howard University, Washington D.C.

Work

Destination

Chart

| Destination | dates | Deposits to personal account | Invoices | Deposits to Summit |
|---|---|---|---|---|
| | November 2020 | | | $42103.02 |
| Sacramento | 12/6 to 12/16 | | | 22,413.63 |
| Sacramento | 01/08/2021 to 1/15/2021<br>1/17/21 to 1/22/21<br>1/24/21 to 2/3/21 | | | $36,919 |
| Sacramento | 2/7/21 to 2/12/21<br>2/14/21 to 2/19/21<br>2/21/21 to 3/3/21<br>2/21/21 | | | $25,591.20 |
| Sacramento | 3/7/21 to 3/11/2021<br>3/14/21 to 3/18/21<br>3/21/21 to 3/25/2021 | | | $26,281.96 |
| Alexandria | 4/1/21 to 4/321<br>4/3/21 to 4/5/21<br>4/18/21 to 4/29/21 | | | $18,296.48 |
| Marco Island<br>Lakeland | 5/5/21 to 5/7/21<br>5/16/21 to 5/21/21<br>5/23 to 5/28 | | | 12,166.48 |
| Lakeland | 6/1/21 to 6/4/21<br>6/6/21 to 6/11/21<br>6/13/21/ to 6/18/21<br>6/21/21 to 6/25/21<br>6/27/21 to 7/2/21 | $1,000<br>$1,000<br>$1500 | $4000<br>$5000<br>$5000<br>$5000<br>$5000 | $23,248.82 |
| Lakeland<br>Savannah<br>Lakeland | 7/2/21 tp 7/9/21<br>7/10/21 to 7/11/21<br>7/11/21 tp 7/16/21<br>7/18/21 to 7/23/21<br>7/26/2021 to 7/30/21 | $1,000<br>$2,000 | $4000<br><br>$5000<br>$5000<br>$5000 | $23,360.27 |
| Lakeland<br>DC<br><br>Lakeland | 8/2/21 to 8/6/21<br>8/6/21 to 8/8/21<br>8/8/21 to 8/13/21<br>8/15/21 to 8/20/21<br>8/21/21 to 8/29/21<br>8/29/21 to 9/4/21 | $1,000<br>$4,000<br>$1,500 | $5000<br><br>$5000<br>$5000<br>$5000<br>$5000 | $24.36210 |

| Lakeland | 9/6/21 to 9/10/21<br>9/7/21 to 9/17/21 | $1,500<br>$2,000 | $4000<br>$5000 | $29,708.83 |
|---|---|---|---|---|
|  |  | $8,529<br>(FEMA) |  | $6400.99 |
| Wisconsin | 11/7/21 to 11/16/21<br>11/17//21 to11/21/21 | 0 | $6000<br>$2000 | $11,265.57 |
|  |  |  |  | $302,118 |

W:\ALLEN, LESLIE\MEMOS\Destination.wpd

Debtor's

2020 & 2021

Taxes / 1099

| 2020 | FEDERAL INCOME TAX SUMMARY | PAGE 1 |
|------|---------------------------|--------|
| | **LENNIE ALLEN** | **8590** |

**INCOME**
| | |
|---|---|
| BUSINESS INCOME | 31,200 |
| RENT, ROYALTY, PARTNERSHIP, SCORP, TRUST | 80,231 |
| TOTAL INCOME | 111,431 |

**ADJUSTMENTS TO INCOME**
| | |
|---|---|
| DEDUCTIBLE PART OF SELF-EMPLOYMENT TAX | 2,205 |
| TOTAL ADJUSTMENTS | 2,205 |
| ADJUSTED GROSS INCOME | 109,226 |

**ITEMIZED DEDUCTIONS**
| | |
|---|---|
| TAXES | 4,087 |
| INTEREST | 10,093 |
| TOTAL ITEMIZED DEDUCTIONS | 14,180 |

**TAX COMPUTATION**
| | |
|---|---|
| STANDARD DEDUCTION | 12,400 |
| LARGER OF ITEMIZED OR STANDARD DEDUCTION | 14,180 |
| QUALIFIED BUSINESS INCOME DEDUCTION | 19,009 |
| TAXABLE INCOME | 76,037 |
| TAX BEFORE CREDITS | 12,516 |

**CREDITS**
| | |
|---|---|
| TOTAL CREDITS | 0 |
| TAX AFTER CREDITS | 12,516 |

**OTHER TAXES**
| | |
|---|---|
| SELF-EMPLOYMENT TAX | 4,409 |
| TOTAL TAX | 16,925 |

**PAYMENTS**
| | |
|---|---|
| TOTAL PAYMENTS | 0 |

**REFUND OR AMOUNT DUE**
| | |
|---|---|
| UNDERPAYMENT PENALTY | 244 |
| AMOUNT YOU OWE | 17,169 |

**TAX RATES**
| | |
|---|---|
| MARGINAL TAX RATE | 22.0% |

Form **1040**

Department of the Treasury — Internal Revenue Service  (99)

**U.S. Individual Income Tax Return**

**2020**

OMB No. 1545-0074    IRS Use Only — Do not write or staple in this space.

**Filing Status**
Check only one box.

☐ Single  ☐ Married filing jointly  ☒ Married filing separately (MFS)  ☐ Head of household (HOH)  ☐ Qualifying widow(er) (QW)

If you checked the MFS box, enter the name of your spouse. If you checked the HOH or QW box, enter the child's name if the qualifying person is a child but not your dependent ► LESLIE ALLEN

| | | |
|---|---|---|
| Your first name and middle initial | Last name | Your social security number |
| LENNIE ALLEN | | |
| If joint return, spouse's first name and middle initial | Last name | Spouse's social security number |
| | | |

Home address (number and street). If you have a P.O. box, see instructions.    Apt. no.

14578 ORANGE BLVD

City, town, or post office. If you have a foreign address, also complete spaces below.    State    ZIP code

LOXAHATCHEE, FL 33470

| Foreign country name | Foreign province/state/county | Foreign postal code |
|---|---|---|
| | | |

**Presidential Election Campaign**
Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund.

☐ You  ☐ Spouse

At any time during 2020, did you receive, sell, send, exchange, or otherwise acquire any financial interest in any virtual currency? ☐ Yes  ☒ No

**Standard Deduction**

Someone can claim:  ☐ You as a dependent  ☐ Your spouse as a dependent

☐ Spouse itemizes on a separate return or you were a dual-status alien

**Age/Blindness**    You: ☐ Were born before January 2, 1956  ☐ Are blind    Spouse: ☐ Was born before January 2, 1956  ☐ Is blind

**Dependents** (see instructions):

| (1) First name        Last name | (2) Social security number | (3) Relationship to you | (4) ✓ if qualifies for (see instructions): Child tax credit | Credit for other dependents |
|---|---|---|---|---|
If more than four dependents, see instructions, and check here ►

| | |
|---|---|
| Attach Sch. B if required. | |

| | | | |
|---|---|---|---|
| **1** | Wages, salaries, tips, etc. Attach Form(s) W-2 | **1** | |
| **2a** | Tax-exempt interest........ **2a** | **b** Taxable interest............. **2b** | |
| **3a** | Qualified dividends......... **3a** | **b** Ordinary dividends........... **3b** | |
| **4a** | IRA distributions ........... **4a** | **b** Taxable amount............. **4b** | |
| **5a** | Pensions and annuities...... **5a** | **b** Taxable amount............. **5b** | |
| **6a** | Social security benefits.......... **6a** | **b** Taxable amount.............. **6b** | |
| **7** | Capital gain or (loss). Attach Schedule D if required. If not required, check here ..................... ► ☐ | **7** | |
| **8** | Other income from Schedule 1, line 9......................... | **8** | 111,431. |
| **9** | Add lines 1, 2b, 3b, 4b, 5b, 6b, 7, and 8. This is your **total income** ................. ► | **9** | 111,431. |

**Standard Deduction for —**
● Single or Married filing separately, $12,400
● Married filing jointly or Qualifying widow(er), $24,800
● Head of household, $18,650
● If you checked any box under *Standard Deduction,* see instructions.

| | | | |
|---|---|---|---|
| **10** | Adjustments to income: | | |
| **a** | From Schedule 1, line 22 .................................. **10a** | 2,205. | |
| **b** | Charitable contributions if you take the standard deduction. See instructions... **10b** | | |
| **c** | Add lines 10a and 10b. These are your **total adjustments to income**.................. ► | **10c** | 2,205. |
| **11** | Subtract line 10c from line 9. This is your **adjusted gross income**...................... ► | **11** | 109,226. |
| **12** | **Standard deduction or itemized deductions** (from Schedule A) ........................... | **12** | 14,180. |
| **13** | Qualified business income deduction. Attach Form 8995 or Form 8995-A.................. | **13** | 19,009. |
| **14** | Add lines 12 and 13..................................... | **14** | 33,189. |
| **15** | **Taxable income.** Subtract line 14 from line 11. If zero or less, enter -0-................... | **15** | 76,037. |

**BAA For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions.**    Form **1040** (2020)

FDIA0112L  08/24/20

☐ **CORRECTED (if checked)**

| PAYER'S name, address, ZIP/postal code, country & phone no. | | OMB No. 1545-0116 | |
|---|---|---|---|
| The Randall Powers Company<br>1801 Peachtree Street<br>Suite 200<br>Atlanta, GA 30309 | | **2021**<br><br>Form **1099-NEC** | **Nonemployee Compensation** |

| PAYER'S TIN | RECIPIENT'S TIN | 1 Nonemployee compensation | **Copy B** |
|---|---|---|---|
| .641 | 6425 | $                       163000.00 | **For Recipient** |

| RECIPIENT'S name, address, ZIP/postal code & country | 2 Payer made direct sales totaling $5,000 or more of consumer products to recipient for resale ☐ | This is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported. |
|---|---|---|
| Lennie Allen<br>Summit Consulting Solution<br><br>14578 Orange Blvd. | 3 | |
| | 4 Federal income tax withheld<br>$ | |

| Loxahatchee FL 33470 | 5 State tax withheld | 6 State/Payer's state no. | 7 State income |
|---|---|---|---|
| Account number (see instructions) | $ | | $ |
| | $ | | $ |

Form **1099-NEC**          (keep for your records)                    Department of the Treasury - Internal Revenue Service

Robinhood

Brokerage

Act.

# Robinhood 

85 Willow Rd, Menlo Park, CA 94025
help@robinhood.com

10/01/2021 to 10/31/2021
**LENNIE ALLEN** Account #           1974
Cash Management ACH Account #:           8752
14578 Orange Blvd, Loxahatchee, FL 33470

■ Options          ■ Equities          ■ Cash and Cash Equivalents

| Account Summary | Opening Balance | Closing Balance |
|---|---|---|
| Brokerage Cash Balance | $0.00 | $0.00 |
| Deposit Sweep Balance | $6,698.32 | $6,700.02 |
| Total Securities | $17,489.01 | $21,236.06 |
| **Portfolio Value** | **$24,187.33** | **$27,936.08** |

| Income and Expense Summary | This Period | Year to Date |
|---|---|---|
| Dividends | $0.00 | $9.63 |
| Capital Gains Distributions | $0.00 | $0.00 |
| Interest Earned | $1.70 | $5.45 |

## Portfolio Allocation

- Cash and Cash Equivalents 23.98%
- Equities 76.02%
- Options 0.00%

The Robinhood Cash Management Annual Percentage Yield (APY) is 0.30% as of the closing date of this statement. APY is determined by the program banks into which your uninvested cash is swept, and may change at any time. Investment products are not FDIC-insured, not bank guaranteed, and may lose value. Uninvested cash swept to the program banks is eligible for FDIC insurance up to applicable limits, subject to FDIC rules. The Securities Investor Protection Corporation has taken the position that uninvested cash swept to the program banks is not covered by the Securities Investor Protection Act.

This statement shall be conclusive if not objected to in writing within ten days (except with respect to debit card transactions). Errors and omissions exempted. Please address all communications to the firm and not to the individuals. Address changes or other material changes in your account should be directed to the office servicing your account. Kindly mention your account number. This statement should be retained for income tax purposes.

Child

Monthly

Reimbursements

Past Due



≡ 🗗 **View Message**



My Messages

Attachments Library

Calendar

Payments

Info Library

Records

Journal

Contact Us

 **Leslie Volpe**

See attachments. Total is $507.52
Your portion to be reimbursed to me is $304.51.

7D4A22EB-09F6-449C-95FA-010EDD9F2EC4.png ✎
773880FD-7CA0-4A92-85D8-2ABB315E0040.png ✎
D51BCB3C-935E-4477-A628-E99F4DC783B4.png ✎
6D76A0BA-8E8C-4ABF-B664-545E822C709E.png ✎
3C0325CF-A489-42CC-8C9B-06BC87993720.png ✎

( LV ) **Leslie Volpe**

February reimbursement receipts continued

494BE787-B877-469D-AB29-03A51C2E5325.png ✎
6D046B78-48AF-463D-B1F0-49DF5E468EE1.png ✎
5CC32A1B-466B-4E93-83D0-5B1F0D9250DE.jpeg ✎
75A3A742-9564-48A6-B362-02A9C9662C61.jpeg ✎
8257BCE2-F2AC-4E18-8D64-A05A00C09B31.jpeg ✎



☰   🗇 **View Message**



**Subject:** January reimbursements

 **Leslie Volpe**

See attached for receipts. Your portion to be reimbursed is $306.45 including childcare of $60 during your scheduled timeshare.

2870AB34-3F38-40E3-874A-55F7A302B7AE.png ✎
E21070A1-F51E-4A8A-85C9-9BB1AFE07831.png ✎
6FCDE60B-01FF-4B1A-82BA-83BA2F1BCD3E.png ✎
7093B133-5DAC-4E01-9E4C-6D2B3BDA3ECD.jpeg ✎
26D8ED10-9255-4602-8107-C2015B13251C.jpeg ✎



≡   📑 **View Message**



My Messages

Attachments Library

Calendar

Payments

Info Library

Records

Journal

**Subject:** December Reimbursements

 **Leslie Volpe**

Attached is the monthly reimbursement. Your portion that's due totals $195

C23149C3-614A-4742-B838-55A6CAE2021B.png ✎
63B81089-547A-4F54-97EF-A1B9314CBD13.jpeg ✎
0DA26908-C974-4D09-850D-AA76946D3324.jpeg ✎
E7573033-A247-478E-B56D-DBB88AC31F69.jpeg ✎

Lennie Allen viewed this subject.

 PARENTS

≡   🗗 **View Message**



My Messages

Attachments Library

Calendar

Payments

Info Library

Records

Journal

**Subject:** November Reimbursements

 **Leslie Volpe**

Please see attached the reimbursements for the month. Your portion to repay is $344.70

F094827B-8CB5-44DA-B5A2-E5A94AB2592D.png 🖉
7E5DD5A2-A1A6-4A7F-A543-26812CCF9FA4.png 🖉
0C1B45CD-70CF-4598-BE0C-7F586FA7EE9B.png 🖉
9EBEB1F0-7DDA-48C1-8820-51AB8BBB2A96.jpeg 🖉
1ED05929-DF44-4272-94B5-F0F3C2F02008.png 🖉

 PARENTS

≡   🗔 **View Message**

My Messages

Attachments Library

Calendar

Payments

Info Library

Records

Journal

**Subject:** October Reimbursements

 **Leslie Volpe**

Your portion due is $154.20

A66A8017-EDEC-469C-AB86-CB0BACDDEADE.jpeg ✎

 **Leslie Volpe**

In addition to the $75 sitter fee previously sent. Totaling $229.20

Lennie Allen viewed this subject.

Debtor's
Life
    insurance
        Policy

| DATA SECTION | | | Page 1 of 9 |
|---|---|---|---|
| **POLICY NUMBER** | U0676057 | March 15, 2018 | **ISSUE DATE** |
| **OWNER** | Lennie T Allen, INSURED | Sex Distinct | **POLICY BASIS** |

| INSURED | | | |
|---|---|---|---|
| **NAME** | Lennie T Allen | 55 | **ISSUE AGE** |
| | | | "Age" means age near birthday |
| **RATE CLASS** | Standard Nicotine User | Male | **SEX** |

## APPLICANT POLICY SELECTIONS

**SPECIFIED AMOUNT**        $170,000

*Note: The minimum Specified Amount during the lifetime of this Policy is $25,000.*

## IMPORTANT NOTICES

**MATURITY DATE:** IF YOU TAKE A POLICY LOAN, THIS POLICY MAY NOT BE IN-FORCE TO THE MATURITY DATE OR TO YOUR CUSTOMIZED DATE WITHOUT ADDITIONAL PREMIUM PAYMENTS. THIS POLICY WILL HAVE LITTLE OR NO ACCUMULATION VALUE ON THE MATURITY DATE OR AT THE END OF YOUR CUSTOMIZED DURATION.

**IF THE PLANNED PERIODIC PREMIUMS ARE BASED ON A DURATION OTHER THAN THE INSURED'S AGE 121, THEN AT THE END OF THAT DURATION, THE POLICY PREMIUMS REQUIRED TO KEEP THIS POLICY IN-FORCE WILL BE SIGNIFICANTLY HIGHER THAN THE PLANNED PERIODIC PREMIUM.**

THE 10-YEAR MINIMUM PREMIUM WILL NOT PREVENT LAPSE IF A POLICY LOAN PLUS ACCUMULATED INTEREST EXCEEDS THE SURRENDER VALUE.

IF THIS POLICY HAS AN OUTSTANDING LOAN, THE NO-LAPSE GUARANTEE ACCOUNT WILL NOT PREVENT THE POLICY FROM LAPSING.

Form SGUL15-DP-R

**POLICY NUMBER** U0676057          **INSURED** Lennie T Allen          Male          55

---

## PREMIUMS AND RIDERS

| BENEFIT DESCRIPTION | FORM | MINIMUM ANNUAL PREMIUM |
|---|---|---|
| FLEXIBLE PREMIUM ADJUSTABLE LIFE | Form SGUL15(14) R10-16 | $4,278.90 |
| Maturity Date          March 15, 2084 | | |
| GUARANTEED CASH OUT RIDER | Form GCOR15 | $0.00 |
| ACCELERATED BENEFIT RIDER FOR TERMINAL ILLNESS | Form ABR14-TM(14) | $0.00 |
| ACCELERATED BENEFIT RIDER FOR CHRONIC ILLNESS | Form ABR14-CH(14) | $0.00 |
| ACCELERATED BENEFIT RIDER FOR CRITICAL ILLNESS | Form ABR14-CT(14) | $0.00 |
| **TOTAL MINIMUM ANNUAL PREMIUM** | | $4,278.90 |
| **INITIAL PREMIUM DUE** | $0.00 | |
| **PLANNED PERIODIC PREMIUM** | Monthly - $376.38 | |
| **MAXIMUM PERCENTAGE OF PREMIUM CHARGE** | 25% | |

---

## MONTHLY DEDUCTIONS

**MONTHLY EXPENSE FEE**                    $5.00

**MAXIMUM MONTHLY EXPENSE CHARGE**         $112.37  FOR ALL YEARS

**A COST OF INSURANCE CHARGE**

**A CHARGE FOR ANY RIDERS**

---

## INTEREST RATES

**MINIMUM GUARANTEED INTEREST RATE**       2.5%

**FIXED LOAN INTEREST RATE**               4.50%  COLLECTED IN ARREARS

Form SGUL15-DP-R

Claiming
Child

Last Two
years Taxes

*attend classes, study for and take examinations in work show real estate, attend continuing education.*

the child shall continue until she graduates therefrom, but in no event beyond the age of nineteen (19) years.

B.    If either party incurs a licensed aftercare expense for the minor child because they have to work, the Husband shall be obligated to pay 60% and Wife shall be responsible for 40% of the expense incurred so that a party can work.    In the event either party advances the other parties' portion of the aforementioned aftercare, the parent who has not paid their percentage of said agreed upon expenses shall reimburse the other parent within 15 days of a request for the agreed upon reimbursement and being provided with proof of the payment.

C.    To the extent permitted by the tax code (as may be amended from time to time), the Husband shall be entitled to take advantage of all available credits, dependency deductions and tax advantages associated with the child for 2022, 2023 and all EVEN years thereafter and the Wife shall be entitled to take advantage of all available credits, dependency deductions and tax advantages associated with the child which are permitted by the Tax Code (as may be amended from time to time) in ODD years.    The parties shall sign all necessary paperwork to effectuate the provisions of this paragraph.

4.    **MEDICAL, HOSPITAL, DENTAL, OPTICAL CARE AND PRESCRIPTION COSTS FOR THE MINOR CHILD**:

The Wife shall maintain medical, dental and vision insurance for the minor child so long as the parties' child is a minor and so long as it is available at a reasonable cost to the Wife through her employment. The Wife shall provide the Husband with copies of the medical, dental and vision insurance cards and all other requested information so he can utilize said insurance for the minor child. The cost of said medical, dental, and vision insurance has been included in the child support calculation.

Any reasonable doctor visits, medical, hospital, dental, optical, orthodontic, and/or prescription expenses of the minor child not covered by insurance such as co-pays



3

Lis
Pendens

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT OF FLORIDA, IN AND
FOR PALM BEACH COUNTY.
FAMILY LAW DIVISION

CASE NO. **50 2021 DR 8129 FI**

IN RE: THE FORMER MARRIAGE OF

LENNIE TIMOTHY ALLEN,
               Petitioner/Former Husband,

and

LESLIE ALLEN n/k/a LESLIE JESSICA VOLPE,
               Respondent/Former Wife.

_____/

## **NOTICE OF LIS PENDENS**

TO:    PETITIONER/LENNIE TIMOTHY ALLEN
        14578 Orange Blvd.
        Loxahatchee, FL 33470

     **YOU ARE NOTIFIED OF THE FOLLOWING:**

    (a)    The Respondent/Former Wife has instituted this action against you seeking the payment of equitable distribution in accordance with the Final Judgment of Dissolution of Marriage entered on October 26, 2022. The relief sought in this action is a post Dissolution of Marriage enforcement action for the unpaid equalization payment provided for in the Final Judgment which represented the Former Wife's equity interest in the home.

    (b)    The Respondent/Former Wife in this action is: LESLIE JESSICA VOLPE f/k/a LESLIE ALLEN.

    ( c)    The Petitioner/Former Husband in this action is LENNIE TIMOTHY ALLEN.

    ( c)    The date of the institution of this action is October 12, 2023.

    (d)    The property that is the subject matter of this action is in Palm Beach County, Florida, and is described as follows:

        14578 Orange Blvd., Loxahatchee, FL 33470

More particularly described as:

Legal Description: The North 249 feet of the West 209 feet of the East 672 feet of the West ½ of Section 32, Township 42, Range 41 East, Palm Beach County (A/K/A TRACT 126-AL)

Parcel Identification Number: 00-41-42-32-000-3030

DATED this 12ᵗʰ day of October, 2023

      KATHRYN M. BEAMER, P.A.
      Counsel for the Respondent/Former Wife
      11811 U.S. Highway One, Suite #102
      North Palm Beach, FL 33408
      Eservice: kathrynbeamerpa@gmail.com
      Telephone: (561) 686-0803

     By: */s/ Kathryn M. Beamer*
      KATHRYN M. BEAMER, ESQ.
      Florida Bar No.: 275026

W:\ALLEN, LESLIE\PLEADINGS\Lis Pendens Loxahatchee 9-25-23.wpd

Motion for
Contempt and/or
enforcement

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

FAMILY DIVISION: FI
CASE NO.: 50-2021-DR-008129-XXXX-NB

LENNIE TIMOTHY ALLEN,
    Petitioner
and
LESLIE ALLEN,
    Respondent.

_____/

## ORDER ON THE FORMER WIFE'S MOTION FOR CONTEMPT AND/OR ENFORCEMENT (FILED ON JUNE 9, 2023)

### (With Directions to Clerk of Court to Adjust CSE Ledger)

### (Order Contains Two Money Judgments)

**THIS CAUSE** came before **General Magistrate Jennifer Klee** on October 4, 2023, upon the Former Wife's *Motion for Contempt and/or Enforcement* filed June 9, 2023. The Former Wife was present and was represented by Kathryn Beamer, Esq. The Former Husband was not present and was not represented by counsel.

Based upon the evidence presented, a review of the Court file, the argument of the parties, and being otherwise fully advised in the premises, the Court makes the following findings of fact and conclusions of law:

1.    On Oct. 26, 2022, the Court rendered its **Final Judgment of Dissolution of Marriage** (hereinafter "Final Judgment"). The parties have one minor child, A.Y.A.. born in 2016.

2.    On June 9, 2023, the Former Wife filed a *Motion for Contempt and/or Enforcement.* In her motion, she alleges the Former Husband has failed to timely pay his equitable distribution equalizing payments and his share of the children's extra-curricular costs, and further that the Former Husband has failed to follow the time-sharing schedule and offer the Former Wife right of first refusal. The Former Wife seeks various contempt-related sanctions along with an award of her reasonable attorney's fees and costs.

3.    The Former Wife, through her counsel, sent via U.S. Mail a copy of her motion and the notice of hearing to the mailing address where the Former Husband resides. This address is the former marital home and the address at which the Former Husband still time-shares with the children. The Former Husband is a former Florida-barred attorney whose licensure is currently listed as ineligible to

1

practice law. On October 3, 2023, he e-filed correspondence to the Court indicating he was unaware of the October 4, 2023 hearing. Despite this correspondence, the Court finds the Former Husband was properly noticed for the hearing, that due process requirements have been met, and that the Former Husband failed to appear for the hearing despite receiving proper notice of the motion and the notice of the hearing.

4.    In a contempt proceeding, the Court must find that a prior valid order of support was entered, that the alleged contemnor has failed to pay part or all of the support ordered, that the alleged contemnor had the present ability to pay support, and that the alleged contemnor willfully failed to comply with the prior court order." *Napoli v. Napoli*, 142 So. 3d 953 (Fla. 4th DCA 2014) (citing Fla. Fam. L. R. P. 12.615(d)(1)). Civil contempt is remedial or incentive-based and allows the contemnor to purge the contempt and avoid or reduce the sanction by complying with court orders. *Id*. (internal citations omitted). The movant must establish that the respondent has been ordered to pay support and that the respondent has failed to make those payments. *Lawrence v. State, Dept. of Revenue ex rel. Walker*, 755 So. 2d 139 (Fla. 2d DCA 1999), citing *Bowen v. Bowen*, 471 So. 2d 1274 (Fla.1985). The burden then shifts to the Respondent to prove that he does not have the ability to pay the support. *Bowen*, 471 So. 2d at 1278–79.

5.    The parties' parenting plan, which was ratified by and attached to the Final Judgment, contains the following language regarding extra-curricular activites and costs:

> The parties agree that the minor child shall be permitted to participate in 2 agreed upon extra-curricular activities per year. The parties shall be required to consult in writing before enrolling the minor child in extra-curricular activities. Consent shall not be unreasonably withheld.
>
> The cost of the extra-curricular activities which are agreed to in writing shall be paid 60% by the Father and 40% by the Mother. The party who is obligated to reimburse the paying party for these expenses shall reimburse the paying party within 30 days of being provided with a request for reimbursement and supporting documentation. A request for reimbursement must be made within thirty (30) days of payment, otherwise the right for reimbursement is waived.
>
> The uniforms and equipment expense for uniforms and equipment required for the child's extra-curricular activities which are agreed to in writing shall be equally divided between the parties with the Mother paying 40% and the Father paying 60%. The party who is obligated to reimburse the paying party for these expenses shall reimburse the paying party within 30 days of being provided with a request for reimbursement and supporting documentation. A request for reimbursement must be made within thirty (30) days of payment, otherwise the right for reimbursement is waived.

6.    The Former Wife testified the Former Husband consented in writing via Talking Parents to the child's enrollment in tennis and swimming. The Former Wife timely submitted reimbursement requests for tennis in the amount of $570 and swimming in the amount of $180. The Former Wife paid 100 percent of those costs herself and requests the Court award her the Former Husband's 60 percent share of those extra-curricular costs, or **$450**.

7.    Paragraph 3(B) of the parties' Mediated Marital Settlement Agreement (hereinafter "MSA") states:

2

B.     If either party incurs a licensed aftercare expense for the minor child because they have to work, the Husband shall be obligated to pay 60% and Wife shall be responsible for 40% of the expense incurred so that a party can work.    In the event either party advances the other parties' portion of the aforementioned aftercare, the parent who has not paid their percentage of said agreed upon expenses shall reimburse the other parent within 15 days of a request for the agreed upon reimbursement and being provided with proof of the payment.

8.    The Former Wife testified she incurred aftercare bills which she timely sent to the Former Husband. The Former Husband never reimbursed her for any of those costs. The Former Wife asked the Court to award her 60% of her total costs of $911.20, or **$546.72**.

9.    Paragraph 4 of the MSA states: "Any reasonable doctor visits, medical, hospital, dental, optical, orthodontic, and/or prescription expenses of the minor child not covered by insurance such as co-pays and deductibles shall be shared by the parties with the Husband paying 60% and the Wife paying 40% of such uncovered expenses." The following language regarding notice and reimbursement is included:

If one parent prepays a reasonable and necessary health care obligation, the non-paying parent's obligation shall become due and payable to the paying parent within 30 days of being notified, in writing, by the paying parent, of the nature and cost of the health care expenses being provided with proof of what insurance reimbursed or will reimburse and all receipts shall be forwarded within thirty (30) days of the expense or receipt of a bill indicating the expense incurred. Failure to discuss a reasonable and necessary health care expense shall not alter either parent's financial obligation with regard to same.

10.    The Former Wife testified the Former Husband has not reimbursed her for any non-covered medical expenses since the entry of the Final Judgment. The child has asthma and endocrine issues which result in prescription costs. In total, the Former Wife has paid $196.19, and she seeks reimbursement of 60% or **$117.71**.

11.    In total, the Former Husband owes the Former Wife **$1,114.43** for his 60 percent portion of unpaid non-covered medical expenses, aftercare, and extra-curriculars. He has made no payments toward those expenses to date. The Former Husband failed to appear for the hearing; however, he mailed to the Court and the Former Wife proof of his employment with The Powers Company, LLC, and proof that his gross monthly income for the month of Sept. 2023 was $9,816.87. The Former Husband, in his letter to Court, writes that $9,816.87 are his *only* earnings for the entirety of 2023.

12.    Based upon those earnings alone – as any other testimony the Court heard from the Former Wife regarding the Former Husband's alleged income would be

3

speculative at best – the Court finds the Former Husband has failed to overcome the presumption that he has and had the ability to pay his child support as it came due. The Former Husband had the present ability to pay more than he has toward his support obligation and therefore he could have more fully complied with the previous orders of this Court, willfully refused to do so, and failed to establish a valid cause for the delinquency. Thus, through the Former Husband's own fault and neglect, he has frustrated the purpose and intent of the Court's orders and is in contempt of court. *Garo v. Garo*, 347 So.2d 418 (Fla. 1977); *Faircloth v. Faircloth*, 339 So.2d 650 (Fla. 1976); Fla. Fam. L.R.P. 12.615; *Bowen v. Bowen*, 471 So.2d 1274 (Fla. 1985); and *Pompey v. Cochran*, 685 So.2d 1007 (Fla. 4th DCA 1997).

13. The Former Husband should be permitted to purge his civil contempt by paying all of the afore-mentioned arrears (**$1,114.43**) in full through the Clerk of Court within 60 days of the date of this order. The Clerk of Court is already assessing child support through its State of Florida Disbursement Unit. Pursuant to the decretal paragraphs of this order below, the Clerk of Court should establish a "child support – other" term to collect the purge. The Former Husband has the present ability to pay $1,114.43 through his wages earned through employment with the Powers Company in Sept. 2023 and through his ongoing wages.

14. The parenting plan contains a time-sharing schedule that requires the Former Husband to time-share with the child "during the first three weekends of each month from Friday at 5:30 until Monday morning when he returns the child to school on school days and until Tuesday morning when school resumes when there is no school on Monday." The parenting plan contains several provisions that touch upon the Former Husband's "flying" schedule for out-of-state work. A reading of the schedule makes apparent to the Court that the Former Husband frequently flew for work on Sundays. Accordingly, the parenting plan requires the Former Husband to return the child to the Former Wife on Sundays at 3 p.m. if he was flying, and to notify the Former Wife one week prior to scheduled travel. The parenting plan also accounts for summer vacation and holiday time-sharing.

15. The Former Wife testified to a number of occasions when the Former Husband failed to notify her when he was traveling for work and failed to be available to receive the child for time-sharing. On two occasions, the Former Wife attempted to deliver the child for time-sharing and drove all the way from her residence in Opa-Locka to Former Husband's residence in Loxahatchee (a one-hour-and-45-minute drive). The Former Husband was not home and failed to receive the child, which resulted in the child being extremely upset and crying. The Former Wife keeps extensive, contemporaneous notes of Former Husband's missed time-sharing. In total, the Former Husband only exercised 85 of his 135 days of time-sharing since the entry of the Final Judgment.

16.   The Former Husband is in civil contempt of Court for his failure to honor the time-sharing schedule.

17.   The Former Wife seeks a purge of requiring the Former Husband to always give proper notice of when he is traveling for work and "make him pay for a sitter." The Court can, in civil contempt proceedings, assess fines in the form of pecuniary losses so long as the fine is based on evidence of the injured party's *actual loss. See Parisi v. Broward County*, 769 So. 2d 359, 366 (Fla. 2000) (internal citations omitted). The Former Wife presented no evidence of her actual losses sustained, i.e., the babysitter costs. Further, a civil contempt purge of requiring consistent future compliance with a court order without regard for someone's ability to comply in the future is not supported by law. *See Poe v. Poe*, 811 So. 2d 789 (Fla. 4th DCA 2002). As such, while the Former Husband is in civil contempt for failing to comply with the time-sharing schedule, no purge should be required.

18.   The MSA contains the following provision regarding an equalization payment:

> 6.   **EQUALIZATION PAYMENT:** The Husband shall pay to the Wife an equitable distribution equalization in the amount of $85,500.00. Said equalization shall be satisfied by the Husband paying the Wife $25,500 within 14 days of the entry of the Final Judgment. Commencing November 15, 2022, the Husband shall satisfy the remaining $60,000.00 balance by paying the Wife $1,000.00 per month on the 15th day of each month until the remaining equalization balance has been paid. Additionally, the Husband shall make an additional payment in the amount of $5000 towards the balance 6 months after the entry of the Final Judgment.
>
> The Wife shall be entitled to interest on the outstanding equalization payment balance in the amount of 4% per annum until paid in full.

19.   The Former Wife received the initial $25,000-dollar payment. The Former Wife testified that in September of 2023, the Former Husband made a direct Zelle payment to her in the amount of $400. The "memo line" of the payment indicated "MSA," so the Former Wife concluded the payment was for equitable distribution, and not his child support obligations as discussed herein. February of 2023 was the last month the Former Husband paid in full his $1,000 toward the $60,000-dollar remaining balance of the equalization payment. In total, the Former Wife testified the Former Husband owes her $1,000 per month for the months of March through September 2023 (7 months), less the $400 he sent via Zelle, for a total of **$6,600**. Additionally, he failed to pay any amount of the $5,000 that came due "6 months after the entry of the Final Judgment." Accordingly, in total, the Former Husband owes the Former Wife **$11,600** as of October 4, 2023 (date of the hearing), which total does not include the next payment that came due on October 15, 2023 after the hearing took place.

5

20.    The payment of an equitable distribution debt is not punishable by civil contempt. However, the Former Wife should recover a money judgment in the amount of **$11,600**. The Former Wife should also receive a second money judgment for the 4 percent per annum pre-judgment interest owed to the Former Wife between the date each payment came due and the entry of the money judgment herein. The Court should reserve jurisdiction for the Former Wife's counsel to calculate the total pre-judgment interest owed and motion the Court for entry of a second judgment consisting of just pre-judgment interest, with notice to the Former Husband.

21.    The Former Wife seeks an award of her reasonable attorney's fees and costs. Kathryn Beamer, Esq. testified in support of the Former Wife's request for fees and costs. In total, Ms. Beamer expended 6.4 hours at a rate of $395/hour, and her paralegal expended 1.4 hours at a rate of $175/hour, totaling a combined fee award of $2,703.00.

22.    Attorney's fees in this case are governed by the contractual provision in the MSA which states, "If the Husband defaults in his obligations regarding timesharing, telephonic contract and electronic contract with the minor child and is held in contempt of Court, the Husband shall pay the Wife's attorney's fees and costs associated with said contempt." The parties have contracted to recovery of fees only with respect to three topics and none other. The Court questioned Ms. Beamer regarding which of her fee entries can be allocated exclusively to time-sharing[1]. Ms. Beamer testified "at least 50 percent."

23.    This is certainly not the type of case in which multiple claims are so intertwined that allocation of fees to one particular issue is not feasible, thus justifying a global award of attorney's fees. *See e.g. Blanton v. Godwin*, 98 So. 3d 609 (Fla. 2d DCA 2012). The Former Wife's motion and this hearing were very clearly divided into three main categories: time-sharing, child support, and equitable distribution. The Former Wife prepared and introduced testimony and exhibits regarding all three issues. In Ms. Beamer's Affidavit of Attorney's Fees (admitted as **Former Wife's Exhibit 6**), only one billing entry in the entire affidavit details Ms. Beamer working on an issue for which fees can be recovered (August 8, 2023 - .2 hours to ["receive"] and review emails from client regarding [Former Husband]'s lack of time-sharing."). Everything else is generally billed without categorizing what the legal issue was, e.g., reviewing emails, preparing the motion, preparing exhibits. The August 8, 2023 billing entry demonstrates to the Court that categorizing the billing by issue is not only possible in this case, but also necessary given the contractual language to which the parties agreed. As such, the Former Wife should recover her attorney's fees only for that portion of the motion which the fees clearly relate to time-sharing – or .2 hours at a rate of $395 for $79.00. Both the time expended (0.2 hours) and the rate at which Ms.

---

[1] The Former Wife's motion does not allege any issues regarding telephonic contract and electronic contract with the minor child.

Beamer charged were both reasonable and necessary to prosecute the motion.

24.   As the Court is already allocating some of the Former Husband's income to purge his civil contempt and pay his child support, the Court should award a money judgment in the amount of $79.00.

It is thereupon **ORDERED AND ADJUDGED** that:

1.  The Findings of Fact, Conclusions of Law, and Recommendations of the General Magistrate, as embodied in this ORDER, are appropriate, and are adopted and incorporated hereinafter in their entirety.

2.  The Former Wife's *Motion for Civil Contempt/Enforcement* is **GRANTED** in part and **DENIED** in part. All relief not specifically granted herein is **DENIED**.

3.  The Former Husband is in civil contempt of Court for failing to pay $1,114.43, or his 60% share of the child's non-covered medical expenses, aftercare, and extra-curriculars from the entry of the Final Judgment through October 4, 2023 (date of the hearing).

4.  The Former Husband should be taken into custody and confined in the Palm Beach County Jail for an indefinite period until he purges his contempt. However, the Former Husband may purge his contempt and avoid incarceration by doing the following: The Former Husband shall pay $1,114.43 via the Clerk of Court's FLSDU within 60 days of the date of this order.

5.  **Law Enforcement shall take no action based upon the entry of this order**. If the Former Husband fails to satisfy the purge condition set forth herein, the Former Wife's remedy is to file an Affidavit and Motion for Commitment and the matter will be set for a Commitment Hearing, with notice to the parties.

6.  The Clerk of Court shall establish a "child support – OTHER" term in the amount of $1,114.43, which represents the Former Husband's purge term. If or when the Clerk receives the Former Husband's purge payment, the Clerk shall apply that payment to the "child support – OTHER" term. Any payments the Clerk receives in excess of the Former Husband's monthly support obligation of $825 + $5.25 in Clerk's fees may be applied to the purge term. The Former Husband is hereby on notice that any payment he makes to the Clerk of Court, including any payments toward his purge, will require an additional $5.25 in Clerk's fees.

7.  The Former Husband is in civil contempt of Court for his failure to follow the time-sharing schedule. No purge is required.

8.  The Former Husband is adjudicated as owing to the Former Wife equitable distribution payments totaling $11,600 through October 4, 2023. The Former Wife shall recover from the Former Husband, whose mailing address is 14578 ORANGE BLVD.,

LOXAHATCHEE, FL 33470, the sum of $11,600 representing the Former Husband's equitable distribution/equalizing payment debt to the Former Wife as of Oct. 4, 2023, which judgment shall bear post-judgment interest at the rate of 7.69% per annum, and for which let execution issue.

9.  The Former Wife shall receive a second money judgment for the 4 percent per annum pre-judgment interest owed to the Former Wife between the date each equalizing payment came due and the entry of the money judgment in paragraph 8, above. The Court reserves jurisdiction for the Former Wife's counsel to calculate the total pre-judgment interest owed and motion the Court for entry of that judgment with notice to the Former Husband.

10. The Former Wife shall recover an award of reasonable attorney's fees and costs in the amount of $79.00.  The Former Wife shall recover from the Former Husband, whose mailing address is 14578 ORANGE BLVD., LOXAHATCHEE, FL 33470, the sum of $79.00 representing attorney's fees owed as a result of this motion, which judgment shall bear post-judgment interest at the rate of 7.69% per annum, and for which let execution issue.

11. All support payments shall be made payable to the State of Florida Disbursement Unit (FLSDU) and shall be mailed to the State of Florida Disbursement Unit at P.O. Box 8500, Tallahassee, FL 32314-8500. **The Former Husband shall include his Name, Social Security Number, Case Number, Name of person to whom support is paid and "Palm Beach County" on each payment.**  No credit for payment shall be given to the Former Husband for any payments made directly to the Former Wife or that are not made through the State of Florida Disbursement Unit. All payments must be tendered together with a 4% service charge per payment with a minimum of $1.00 to a maximum of $5.25 per payment. The service charge may change from time to time as determined by the Clerk of the Circuit Court.

12. Both parties shall keep the Clerk of Court advised of their residence address, mailing address, and employer. A change in any of the above shall be reported in writing by that party within seven (7) days of the change.

8

13. The Court reserves jurisdiction.

**DONE AND ORDERED** in Chambers, at Palm Beach Gardens, Palm Beach County, Florida.

502021DR008129XXXXNB  10/26/2023
Karen M. Miller  Circuit Judge

502021DR008129XXXXNB    10/26/2023
Karen M. Miller
Circuit Judge

**Record: JK at NC 2706, October 4, 2023, 02:00 – 02:49 PM**

**SHOULD YOU WISH TO SEEK REVIEW OF THE RECOMMENDED ORDER MADE BY THE GENERAL MAGISTRATE, YOU MUST FILE A MOTION TO VACATE IN ACCORDANCE WITH RULE 12.490(e) OR RULE 12.491 (f), FLORIDA FAMILY LAW RULES OF PROCEDURE. YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR MOTION TO VACATE, OR YOUR MOTION WILL BE DENIED. A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS UNLESS WAIVED BY ORDER OF THE COURT PRIOR TO ANY HEARING ON THE MOTION TO VACATE. THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED FOR THE COURT'S REVIEW.  TRANSCRIPTS AND ELECTRONIC RECORDINGS CAN BE OBTAINED THROUGH THE COURT REPORTING SERVICES WEB REQUEST FORM AT** https://e-services.co.palm-beach.fl.us/crtrpt/

Copies to:

| Name | Address | Email |
|------|---------|-------|
| KATHRYN MARIE BEAMER | 11811 US HIGHWAY ONE SUITE 102 KATHRYN M. BEAMER, P.A. NORTH PALM BEACH, FL 33408 | KATHRYNBEAMERPA@GMAIL.COM; kbeamerpa@aol.com |

FILED: PALM BEACH COUNTY, FL. JOSEPH ABRUZZO. CLERK. 1/4/2024 3:15:45 PM

Motion
for

Commitment

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT OF FLORIDA, IN AND FOR
PALM BEACH COUNTY.

FAMILY LAW DIVISION
CASE NO.:  $21 - 8129$

IN RE: THE FORMER MARRIAGE OF

LENNIE TIMOTHY ALLEN

Petitioner/Former Wife

and

LESLIE ALLEN

Respondent/Former Husband.

_____/

## AFFIDAVIT OF NON-COMPLIANCE AND
## MOTION FOR COMMITMENT

STATE OF FLORIDA
COUNTY OF PALM BEACH

Before me, the undersigned authority, personally appeared ___ LESLIE ALLEN ___ who after

first being duly sworn upon her oath, deposes and says as follows:

1. Former Husband, LENNIE T ALLEN has failed to make his regular payments of:
$1,000 MONTHLY MSA, MONTHLY REIMBURSEMENTS FOR CHILD AND CHILD SUPPORT
Monthly reimbursements, child support

2. On __ OCTOBER 26, 2023 __, the Magistrate's Order was entered affording Former Husband

the opportunity to purge himself by paying all outstanding alimony within ___ 60 __ days from the

date of that Order.

3. Former Husband has failed to purge himself and is currently in arrears in the amount of

$ ___ 19,727 ___

4. Pursuant to this Court's Order entered OCTOBER 26, 2023 I hereby make application for

an order of commitment against my Former Husband, LENNIE T ALLEN for failure to make his

payments as required by the Court. Copies of both Orders as stated above are attached hereto as

Composite Exhibit "A".

FURTHER AFFIANT SAYETH NAUGHT.

_____

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me by means of ☑ physical presence
or ☐ Online notarization this __29th__ day of __December__ , 2023 by __Leslie Volpe__ who is
personally known to me or who produced __Driver license__ and who did not take an oath.



PATRICK JEAN-GILLES
Notary Public - State of Florida
Commission # HH 380695
My Comm. Expires Mar 29, 2027

_____
Notary Public, State of Florida
My Commission Expires: Mar 29, 2027

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by
Eservice to:

_____
Signature

W:\AAA STAC\\CONTEMPT\BLANK Affidavt of Commitment.wpd

2

Property
Appraisal

**Callaway & Price, Inc.**
**Real Estate Appraisers & Consultants**

File No. **22-83980**

## APPRAISAL OF



**A Single Family Dwelling**

## LOCATED AT:

**14578 Orange Blvd.**
**Loxahatchee, FL 33470**

## CLIENT:

**C/O Kathryn M. Beamer, Esq.**
**11811 US Highway One, Ste.102**
**North Palm Beach, FL, 33408**

## AS OF:

**September 27, 2022**

## BY:

**Chris Callaway Staniszewski**
**Cert Res RD4263**

**Callaway & Price, Inc.**
**Real Estate Appraisers & Consultants**

File No. 22-83980

09/30/2022

**Leslie Allen**
C/O Kathryn M. Beamer, Esq.
11811 US Highway One, Ste.102
North Palm Beach, FL, 33408

File Number: 22-83980

In accordance with your request, I have appraised the real property at:

**14578 Orange Blvd.**
**Loxahatchee, FL 33470**

The purpose of this appraisal is to develop an opinion of the defined value of the subject property, as improved. The property rights appraised are the fee simple interest in the site and improvements.

In my opinion, the defined value of the property as of September 27, 2022 is:

**$590,000**
**Five Hundred Ninety Thousand Dollars**

The attached report contains the description, analysis and supportive data for the conclusions, final opinion of value, descriptive photographs, assignment conditions and appropriate certifications.

**Chris Callaway Staniszewski**
Cert Res RD4263
Callaway & Price, Inc.

Marital
Settlement
Agreement

Transfer and Motor Vehicle Power(s) of Attorney to be filed with the State of Florida, Department of Highway Safety & Motor Vehicles, Tallahassee, Florida, to facilitate the intent of the foregoing, if necessary.

   J. Each party shall be entitled to their jewelry and personal items. The Wife shall be awarded the personal property which is currently located at her residence. The Husband shall be awarded the personal property which is currently located at his residence

   K. Except as provided herein, all other savings accounts, checking accounts, credit union accounts, pension plans, profit sharing plans, retirement plans, IRA's, cash, stocks, bonds, annuities, portfolios, jewelry or other things of value presently within the sole exclusive possession and control of either party, not disposed of through this Agreement, shall henceforth be the sole and exclusive property of the party having such possession and control, and the other party is divested of all right, title and interest therein. All joint accounts shall be closed.

   6. **EQUALIZATION PAYMENT**: The Husband shall pay to the Wife an equitable distribution equalization in the amount of $85,500.00. Said equalization shall be satisfied by the Husband paying the Wife $25,500 within 14 days of the entry of the Final Judgment. Commencing November 15, 2022, the Husband shall satisfy the remaining $60,000.00 balance by paying the Wife $1,000.00 per month on the 15th day of each month until the remaining equalization balance has been paid. Additionally, the Husband shall make an additional payment in the amount of $5000 towards the balance 6 months after the entry of the Final Judgment.

   The Wife shall be entitled to interest on the outstanding equalization payment balance in the amount of 4% per annum until paid in full.

   7. **LIABILITIES**:

   A. Except as specifically provided for herein, each party shall solely and

6